UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

GABRIEL H. FERRIS #130365,

        Plaintiff,                                  Case No. 2:07-cv-168

v.                                                      Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Gabriel H. Ferris, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Warden Jeri-Ann Sherry, Deputy Warden John Boynton, Health Care Unit Manager Mark West, Physician Assistant M. Kennerly, Dr. Unknown Stallman, and Unknown Parties named as various nurses and other health care staff. Plaintiff alleges that he has less than two months to file either a federal habeas corpus petition or a motion for relief from judgment in the state court in order to avoid application of the statute of limitations. Plaintiff claims that he suffers from severe pain and lack of control in his right hand as a result of carpal tunnel syndrome. Plaintiff was initially diagnosed with this condition in early October of 2005 by the doctor at the Alger Maximum Correctional Facility (LMF).

Plaintiff states that he was transferred to URF in November of 2005, where he alerted Defendant Kennerly to his condition. Defendant Kennerly recorded the arthritis in Plaintiff's lower back and prescribed pain medication to help with Plaintiff's "wrist" pain. Plaintiff requested admission to the prison's legal writer program on several occasions, but was refused eligibility. Approximately one year ago, Plaintiff was prescribed a wrist brace and was told to wear it, even when writing. Plaintiff was also told to write less. Plaintiff spoke to Defendants Sherry and Boyton, showed them the wrist brace, and kited them regarding his need for a legal writer, to no avail. Plaintiff attempted to get inmate assistance, but Defendant Caruso voided the inmate legal agreement policy in December of 2006, denying Plaintiff any such help. Plaintiff formally grieved the situation to all three steps, to no avail. Plaintiff states that writing the complaint in the instant case has been

an all day task, done in intervals as his hand was able. Plaintiff is extremely worried about the approaching deadline for filing a habeas corpus claim, and states that he has been wrongly imprisoned for a crime committed by someone else. Plaintiff claims that his underlying criminal case is extremely complicated and that he had three trials, a successful appeal, and several ineffective attorneys, and that the second trial was ordered by the state appellate courts due to factual proof of Plaintiff's innocence in the police reports. Plaintiff further states that his case was featured on NBC's Dateline. Plaintiff contends that because of his problems with his right hand, he is unable to timely complete a habeas corpus petition or motion for relief from judgment and seeks appointment of a competent attorney to help him meet his October 12, 2007, deadline. Plaintiff also seeks damages.

   II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff in this case appears to be claiming that Defendants' conduct is violating his First Amendment right of access to the courts. It is well established that prisoners have a

constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

        The only injury Plaintiff asserts is that it is difficult for him to file a claim because of his carpal tunnel syndrome and is untrained in legal writing. This assertion is incredulous, and is clearly baseless. *Neitzke*, 490 U.S. at 327. Plaintiff has offered no legally supportable reason that he cannot file an action. He has managed to complete the form for filing a § 1983 action in this case. By his allegation that he is unable to file a lawsuit, it is clear that Plaintiff means that he was unable to file the *quality* of the lawsuit that he desired, not that he was unable to file a lawsuit at all. Even though *Bounds* gave inmates the tools to attack their sentences and challenge their conditions of confinement, the inability of an inmate to become a "litigating engine" is "simply one of the

incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 at 353-54. Because Plaintiff cannot show actual injury or that he has suffered any litigation-related detriment, Plaintiff fails to state a claim for denial of access to the courts.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 17, 2007

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).